IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 08-0705 |
| vs. | : | |
| | : | CIVIL ACTION |
| FRANCISCO FABIAN | : | NO. 12-6969 |

**M E M O R A N D U M**

**STENGEL, J.**                                                                          January  24, 2013

Francisco Fabian is a federal prisoner incarcerated at the Federal Correctional Institution Satellite Camp in Beaver, West Virginia.  He filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel.  Because the petition is clearly untimely, I did not request a response from the government.[1]  Furthermore, as part of his guilty plea, Mr. Fabian waived his right to collaterally attack his conviction and sentence.  For the reasons below, I will deny and dismiss the motion with prejudice.

**I.  BACKGROUND**

On October 28, 2010, Mr. Fabian entered a guilty plea to Counts One through Five of the Superceding Indictment which charged him with conspiracy to distribute methamphetamine, distribution of methamphetamine (two counts), possession with the intent to distribute methamphetamine, and with using and carrying a firearm during and

---

[1]  Section 2255(b) provides:  Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

in relation to a drug trafficking offense. As part of the plea, the government and the defendant agreed that a sentence of 180 months' incarceration would be appropriate.

At a sentencing hearing on December 22, 2010, I determined that Mr. Fabian's Total Offense Level was 33 with a Criminal History Category of I, which yielded an initial sentencing guideline range of 135 to 168 months of incarceration. Because of the mandatory minimum sentence of five years required for Count Three, the final guideline range became 195 to 228 months of incarceration.

After a thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a), I sentenced Mr. Fabian to a total of 180 months' incarceration which included 120 months' incarceration on Counts One, Two, Four, and Five, to run concurrently with each other; and 60 months' incarceration on Count Three, to run consecutively to the 120 month sentence. At sentencing, the government moved to dismiss Count Six of the Superceding Indictment, a second firearm offense. Mr. Fabian did not appeal his conviction and sentence.

## II. STANDARD OF REVIEW

A federal prisoner in custody under sentence of a federal court challenging his sentence based on a violation of the U.S. Constitution or laws of the United States may move the court that imposed the sentence to vacate, set aside, or correct the sentence. See 28 U.S.C. § 2255(a). In a § 2255 motion, a federal prisoner may attack his sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or

(3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.  See 28 U.S.C. § 2255(b).

A petitioner is entitled to an evidentiary hearing on the merits of his claims unless it is clear from the record that he is not entitled to relief.  The court must dismiss the motion "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  See Rule 4(b) of the Rules Governing Section 2255.  A prisoner's *pro se* pleading is construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007);  see also Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011).

### III.  DISCUSSION

#### A.  Untimeliness

Based on his § 2255 motion and the record of proceedings, it plainly appears that Mr. Fabian is not entitled to relief.  Initially, I note that Mr. Fabian's § 2255 motion is untimely.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions.  See 28 U.S.C. § 2255(f).  Section 2255(f) outlines four possible dates from when the one-year statute of limitations period begins to run:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).  Only the first start date listed is applicable here.

Generally, a judgment of conviction becomes final for the purposes of the AEDPA when the Supreme Court denies a defendant's "conviction and sentence on the merits or denies a timely filed petition for *certiorari*."  Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999).  "[I]f a defendant does not file a *certiorari* petition, the judgment of conviction does not become 'final' until the time for seeking *certiorari* review expires."  Id.  If, however, a defendant does not pursue a timely direct appeal to the court of appeals, his conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expires.  Id. at 577.

Under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, a defendant's notice of appeal must be filed in the district court within fourteen days after the entry of the judgment.  Here, Mr. Fabian's judgment was entered on January 5, 2011.  Mr. Fabian neither filed a direct appeal nor requested an extension of time to file an appeal within the fourteen day period.  Accordingly, Mr. Fabian's conviction became final on January 19, 2011, fourteen days after judgment was entered on his guilty plea, and he had until January 19, 2012 to file a timely § 2255 motion.  Mr. Fabian executed his § 2255 motion on December 10, 2012, and it was filed with the Clerk of Court on December 13, 2012,

4

almost eleven months after the expiration of the AEDPA's statute of limitations. Thus, his motion is untimely and must be dismissed.

Additionally, Mr. Fabian does not attempt to present any circumstances in the motion that indicate that the AEDPA's limitations period should be equitably tolled. See Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998). In rare instances, a court may exercise its equitable powers to toll AEDPA's one-year statute of limitations period. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). Equitable tolling is proper only where a petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Id. at 2562. "[E]quitable tolling is appropriate when principles of equity would make the rigid application of a limitation period unfair." Pabon v. Superintendent S.C.I. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011).

Mr. Fabian did not file an appeal or any post-trial motions. Further, Mr. Fabian does not contend that there were any extraordinary circumstances that prevented him from timely filing his § 2255 motion. Nonetheless, he waited almost eleven months after the statute of limitations had run to do so. Finally, Mr. Fabian is not entitled to equitable tolling because applying the statute of limitations to his motion is not contrary to principles of equity. See Id. Accordingly, I will dismiss his motion as untimely.

**B. Waiver of Right to Collaterally Attack Conviction and Sentence**

As part of his guilty plea agreement, Mr. Fabian waived his right to appeal his conviction and sentence and his right to collaterally attack his conviction and sentence. See Document #88, at 6, ¶ 8. In this circuit, waivers of appeals are generally permissible

5

if entered into knowingly and voluntarily, unless they work a miscarriage of justice. United States v. Ahmad, 325 Fed. Appx. 149 (3d Cir. 2009) (citing United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001)). Waivers of appeals should be strictly construed. Khattak, 273 F.3d at 562. In determining whether a defendant's waiver of appellate rights was knowing and voluntary, the role of the sentencing judge in conducting a colloquy under Federal Rule of Criminal Procedure 11 is critical. Id. at 563. Under Federal Rule of Criminal Procedure 11, before accepting a plea of guilty, the court must address the defendant personally and determine that the defendant understands the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence.

At the change of plea hearing, I colloquied Mr. Fabian regarding the waiver of various rights including his right to appeal and/or collaterally attack his conviction and sentence. He acknowledged that he understood the limitations placed on these rights by virtue of his pleading guilty. Mr. Fabian also acknowledged that he understood the maximum penalties that he was facing by pleading guilty. Counsel for Mr. Fabian indicated that he had had enough time before the hearing to explain to his client the ramifications of pleading guilty, and that he felt his client understood those ramifications, including the rights he would be waiving. Before accepting the plea, I found that Mr. Fabian was alert and competent to enter a guilty plea, and that the plea was knowing and voluntary. Nothing in his § 2255 petition changes those findings.

Furthermore, Mr. Fabian neither mentions his waiver of these rights nor makes a showing that enforcing that waiver would work a miscarriage of justice. United States v.

Goodson, 544 F.3d 529, 536 (3d Cir. 2008). The Third Circuit Court of Appeals has chosen not to identify specific situations in which enforcement of a waiver provision would work a miscarriage of justice and has instead endorsed the case-by-case approach established in United States v. Teeter, 257 F.3d 14 (1st Cir. 2001). See Khattak, 273 F.3d at 563. In Teeter, the First Circuit Court of Appeals stated:

> In charting this course, we recognize that the term "miscarriage of justice" is more a concept than a constant. Nevertheless, some of the considerations come readily to mind: the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result. Other considerations doubtless will suggest themselves in specific cases.

Teeter, 257 F.3d at 26. There was no error here. On the contrary, Mr. Fabian's acceptance of the guilty plea agreement, including the waiver of his right to collaterally attack his sentence and conviction, resulted in his sentence being dramatically reduced. First, the sentence of 180 months was far less than the advisory sentencing guideline range Mr. Fabian would have faced without the agreement. The government and the defendant agreed upon that sentence as part of the plea, and after the proper inquiry and consideration of relevant sentencing factors, I imposed that sentence. Second, by pleading guilty, Mr. Fabian was properly afforded the reduction in the Total Offense Level. Under these circumstances, I conclude that enforcing the waiver of the right to collaterally attack the conviction and sentence in this case would not work a miscarriage

7

of justice. Accordingly, I will enforce the waiver and find that Mr. Fabian is not entitled to the collateral review of his conviction and sentence.

### C. Denial of a Certificate of Appealability

In conclusion, when a district court issues a final order denying a § 2255 motion, the court must also decide whether to issue or deny a Certificate of Appealability. See Rule 11(a) of the Rules Governing Section 2255. The court may issue a Certificate of Appealability only if the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). In order to present a "substantial showing of a denial of any constitutional right" such that an appeal is justified, the mere allegation of a constitutional wrong is insufficient; the petitioner must make a substantial showing of such an error in order to present an appeal. Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996). When the district court, however, denies a *habeas* petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of Appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, it plainly appears that Mr. Fabian's § 2255 motion is time-barred, that his waiver of rights is enforceable, and that he has failed to make a substantial showing of a denial of any constitutional right. Jurists of reason would not find it debatable whether the court is correct in this procedural ruling. Therefore, I will deny the issuance of a Certificate of Appealability. An appropriate Order follows.