IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | NO. 08-705 |
| | : | |
| | : | CIVIL ACTION |
| | : | NO. 19-4069 |
| FRANCISCO FABIAN | : | |

**MEMORANDUM**

**SCHMEHL, J.**     */s/JLS*                                                     **August 3, 2022**

The charges in this case relate to Fabian's conduct in selling methamphetamine to a

confidential source while armed during two separate meetings on October 21, 2008, inside the La

Chiquita Grocery Store in Reading, Pennsylvania. Defendant also agreed to sell the cooperating

witness methamphetamine on October 27, 2008, and during a subsequent search of the store, two

additional guns were found.

On June 3, 2009, the grand jury returned a six-count superseding indictment charging the

defendant with conspiracy to distribute 500 grams or more of methamphetamine, distribution of

methamphetamine, using and carrying a firearm during a drug trafficking offense, distribution of

5 or more grams of methamphetamine, possession with intent to distribute 500 or more grams of

methamphetamine, and possession of a firearm in furtherance of a drug trafficking offense. On

August 30, 2010, Defendant entered a guilty plea to counts 1 through 5 of the indictment, and the

government and Defendant agreed pursuant to Rule 11(c) that a sentence of 180 months'

imprisonment, 5 years' supervised release, and a $500 special assessment would be appropriate.

On December 22, 2010, the Honorable Lawrence F. Stengel imposed the agreed-upon sentence

of 180 months' incarceration. The sentence of imprisonment ended on November 25, 2021, at which point Defendant's term of supervised release began.1

Defendant filed his first 2255 motion in late 2012. It was denied as untimely, and because of Defendant's waiver of his right to collaterally attack his conviction and sentence. *See* ECF 104. In 2019, Defendant received permission from the Court of Appeals to challenge his conviction and sentence in a successive 2255 motion, based on the decision in *Johnson v. United States*, 576 U.S. 591 (2015), that invalidated the "residual clause" in the definition of "violent felony" in the Armed Career Criminal Act. Thereafter, Defendant's second 2255 motion was filed in this Court, and on September 6, 2019, said motion was reassigned to this Court. For the reasons that follow, the motion is denied.

A district court is given discretion in determining whether to hold an evidentiary hearing on a habeas petition under § 2255. See *Gov't of the V. I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must first determine whether the Petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. *See Gov't of the V.I. v. Weatherwax*, 20 F.3d 572, 574 (3d Cir. 1994). Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing where, as here, the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quoting *U.S. v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992)).

Defendant's *pro se* 2255 sets forth two arguments by which he attempts to challenge his

---

1 Defendant's challenge to his sentence is not moot, even though he has already served his prison term. The Third Circuit has held that a defendant who is still serving a term of supervised release can pursue a post-conviction challenge, as any successful challenge to a conviction could result in a credit against the defendant's period of supervised release for any excess period of imprisonment. *United States v. Prophet*, 989 F.3d 231 (3d Cir. 2021)

conviction and sentence. First, he argues that his conviction under Section 924(c) is invalid, as that statute contains a "residual clause" in the definition of "crime of violence" in Section 924(c) that has also been abrogated in *Davis v. United States*, 139 S. Ct. 2319 (holding that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague and violated the Due Process Clause). Next, Defendant argues that the career offender provision in the Sentencing Guidelines at the time he was sentenced also presented a definition of "crime of violence" that included a "residual clause." As will be discussed more fully below, neither of these arguments are successful and Defendant's motion must therefore be denied.

Defendant was sentenced under section 924(c), which prohibits the use or carrying of a firearm during or in relation to a "crime of violence" or a "drug trafficking offense." In the instant matter, Defendant's 924(c) conviction was predicated on a drug trafficking offense, not a crime of violence. *Davis* and other Supreme Court decisions address the definition of "crime of violence" only. There has been no change whatsoever in the definition of "drug trafficking offense." Accordingly, I find Defendant's conviction under 18 U.S.C. § 924(c)(3)(A), remains valid after *Davis* since the conviction was supported by a predicate drug trafficking crime. *See Martinez v. United States*, 2021 WL 254112, at *7 (M.D. Pa. Jan. 26, 2021) (finding that the 924(c) conviction of a defendant that was based upon both conspiracy to commit Hobbs Act robbery, a crime of violence, and drug trafficking offenses should stand even though conspiracy to commit Hobbs Act robbery is no longer considered a crime of violence, as the drug trafficking offense qualifies).

Next, Defendant argues that the career offender provision in the Sentencing Guidelines at the time he was sentenced in 2010 also presented a definition of "crime of violence" that included a "residual clause." Defendant drafted the instant 2255 motion in 2016 and filed it with

3

his petition to the Third Circuit in which he sought permission to file a second or successive

petition. Subsequent to Defendant's drafting of the instant 2255, and by the time the Third

Circuit gave Defendant permission to file a successive habeas in 2019, the Supreme Court had

decided *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court held that

the Federal Sentencing Guidelines, including §4B1.2(a)'s residual clause, which is identically

worded to the clause found in 924(c) that was found to be unconstitutionally vague in *Johnson*,

are not subject to vagueness challenges under the Due Process Clause. Accordingly, Defendant's

sentence may not be challenged on that basis.

Finally, because Defendant has not made a substantial showing of the denial of a

constitutional right and reasonable jurists would not debate the dispositions of his claims, no

certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

473, 484 (2000).